

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Ray N. Jackson,
    Plaintiff,

vs.

Civil Action No.

7-04CV-133-R

Dr. James Roach, Secretary
Department of the Air Force,
    Defendant.

## PLAINTIFF'S ORIGINAL PETITION

### JURLSDICITION

1. Jurisdiction of this Court is invoked pursuant to Title 28 U. S. C. 1343; Title 28 U. S. C. 1331; Title 42 U. S. C. *1985* & 1986; Title 5 U. S. C. 7702; Title VII of the Civil Rights Act of 1964, Title 42 2000eet seq., as amended; 29 Code of Federal regulations, section 1614; Section 717c of the Civil Rights Act as amended, 84 Stat 112; 5 Code of Federal Regulations, Chapter 2, Section 1201; Air Force Regulations; Civil service Regulations; United States Constitution.

2. Plaintiff appealed a decision from the Merit System Protection Board (MSPB), Dallas Field Office. On June 4, 2004 plaintiff received a Final Order from the MSPB< Washington D. C., concurring with the Dallas Field Office. Plaintiff now files this Civil Action from the Final Order of the MSPB.

### PARTIES

3. Plaintiff, Ray N. Jackson, is a black male citizen of the United States of America.

4. Defendant, Dr. James Roach, Secretary, Department of the Air Force, is a Government entity within the United States of America; at all times material hereto it is the employer of Plaintiff within the meaning of the Equal Employment Opportunity Act of 1964 as amended 42 U. S. C. 2003 ET Seq. and the Merit System Protection Board. Defendant, Sheppard Air Force Base, at all times hereto, is part of the Department of the Air Force and is Plaintiff's employer.

1

## NATURE OF THE CASE

5. Plaintiff was first terminated by the defendant in 1985. Plaintiff was subsequently ordered to be reinstated in 1989 because the defendant had unlawfully terminated him. Plaintiff worked for the defendant under extreme, pervasive, and continuous reprisal, for no other reason except opposed defendant's unlawful policies and practices. Plaintiff worked under said extreme conditions from 1989 until 1999 when defendant again terminated plaintiff.

6. During or around October 2001 the MSPB, Dallas Field Office, founded that the defendant had again unlawfully terminated plaintiff. The MSPB ordered the defendant to return plaintiff to employment pursuant to the regulations.

7. After the October 2001 decision of the MSPB the defendant intensified its unlawful alienation, ostracism, harassment, humiliation, mortification of plaintiff and the defendant continued and intensified plaintiff's hostile work environment.

8. Defendant refused to comply with the Board's October 2001 Orders to properly return plaintiff to employment; defendant refused to return plaintiff to the *status quo ante*.

9. Immediately upon plaintiff reporting for duty defendant began to manipulate plaintiff's terms and conditions of employment; defendant put plaintiff under extreme scrutiny; defendant constantly harassed and humiliated plaintiff; defendant unlawfully delayed his performance evaluations; defendant constantly denied plaintiff's performance awards; defendant put plaintiff on rehabilitation programs and performance programs; defendant gave plaintiff unsatisfactory performance evaluations; defendant put plaintiff on suspensions; defendant's supervisors continually taunted plaintiff publicly and privately; defendant ordered plaintiff to provide written statements pertaining to safety; defendant ordered plaintiff to write passages from the local union Manuel 25 times.

10. Plaintiff reported this behavior to upper management but to no avail, the taunting continued until plaintiff's working conditions became so intolerable, so unreasonable, and so unbearable until plaintiff's became so physically and emotionally distraught that he was forced to leave his employment with defendant. Plaintiff was constructively discharged on July 24, 2002, approximately six months after the MSPB Ordered defendant to return plaintiff to employment pursuant to its regulations.

11. As a result of defendant's above stated actions said defendant has denied plaintiffs proper remedies and created unbearable conditions under which the

average employee would leave his employment; plaintiff has been deprived of promotions, income in the form of wages, prospective retirement, and other fringe benefits due him. More over plaintiff has been slandered and stripped of his human dignity for no reason other than he opposed the defendant's unlawful practices and policies and he came back to work for the defendant pursuant to the law.

12. Plaintiff is now and will continue to suffer irreparable harm, injury, and malfeasance from the defendant's unlawful policies, practices, customs and usages as set forth herein.

13. As a proximate result of defendant's actions and wrongful acts as set forth, plaintiff has suffered irreversible emotional distress, humiliation, modification, alienation, embarrassment, mental anguish, and slander. Plaintiff will continue to be affected by such.

14. Defendant at all times has been acting with malice towards plaintiff and with conscious disregard of the laws and plaintiff's rights under said laws and the constitution of the United States of America.

## PETITION

15. WHEREFORE, plaintiff respectfully petitions this court to advance this case on the docket, cause this case to be in every way expedited and Review the MSPB'S decision and to Order further processing of this cause and/or to:
    a) ORDER that plaintiff, due to his pro-se status, is not strictly bound by the pleadings.
    b) ORDER that Defendant is negligent in its denial of plaintiff's rights under the laws and in violation of his basic civil liberties and of his constitutional rights.
    c) ORDER defendant to make whole plaintiff who has been effected by the policies and practices described herein by providing appropriate remedies.
    d) Retain jurisdiction over this action to assure full compliance with the orders of this court and the applicable law and require defendant to file such reports, as the court deems necessary to evaluate compliance.
    e) Grant plaintiff full compensatory and punitive damages.
    t) Award plaintiff future compensatory and punitive damages plus an award for future medical costs and other costs.
    g) Grant plaintiff attorney's fees, cost and disbursements.
    h) ORDER judgment against the defendant together with all cost expanded including attorney's fees and all other relief that the plaintiff may show himself justly entitled.

Respectfully submitted,

*[signature]*

Ray N. Jackson, Pro se
P. O. Box 2044
Wichita Falls, Texas 76307
817 705 7130