IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RAY N. JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 7:04-CV-0133-O |
| | § | (Consolidated with No. 7:02-CV-0111-R) |
| v. | § | ECF |
| | § | |
| DR. JAMES G. ROCHE, SECRETARY, | § | |
| DEPARTMENT OF THE AIR FORCE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Before this Court is Defendant's Motion to Dismiss (Doc. 5) filed by Dr. James G. Roche, Secretary, Department of the Air Force ("Defendant") on September 20, 2004. The Court's March 31, 2006 Order granted the motion to dismiss and informed the parties that a separate memorandum opinion setting out the reasons for the decision will follow. The Court hereby enters the following memorandum opinion on Defendant's Motion to Dismiss.

**I.**

This is the plaintiff, Ray N. Jackson's ("Plaintiff"), second suit arising out of the Merit System Protection Board's ("MSPB") decision reversing the Air Force's removal of Plaintiff from his job but finding that there wasn't any discrimination on the grounds Plaintiff alleged. *See* Def.'s App. at 10-14; Def.'s Mot. at 3. Plaintiff appealed the MSPB's decision to the Equal Employment Opportunity Commission ("EEOC"), and then after the EEOC affirmed the MSPB's finding of no discrimination, Plaintiff filed his first suit in the United States District Court for the Northern District of Texas, Wichita Falls Division, Case Number 7:02-CV-0111-R (the "Discrimination Claim") complaining of these rulings. *See* Def.'s Mot. at 3; Def.'s App. at 33. Plaintiff then brought

this second suit in the United States District Court for the Northern District of Texas, Wichita Falls Division, Case Number 7:04-CV-0133-O, appealing the MSPB's subsequent decision finding that the Department of the Air Force complied with MSPB's prior order which ordered the Air Force to reinstate Plaintiff. Pl.'s Original Compl. at 1. The second suit (No. 7:04-CV-0133-O) will hereinafter be referred to as the "Enforcement Claim." Since the filing of Plaintiff's suits, Case Number 7:02-CV-0111-R has been closed and consolidated into the instant action, Case Number 7:04-CV-0133-O. *See* Order Consolidating Case; Doc. 32; No. 7:02-CV-0111-R. The Enforcement Claim and the Discrimination Claim involve the identical parties.

The Department of the Air Force removed Plaintiff from his position as an electronics mechanic at Sheppard Air Force Base, effective September 13, 1999, based on the charge that Plaintiff failed to request leave according to the established procedure and failed to honor a denial of a leave request. Def.'s App. at 2; Def.'s Mot. to Dismiss at 1. Plaintiff subsequently appealed his removal to the MSPB. Pl.'s Resp. at 2; Def.'s Mot. to Dismiss at 2. In addition to challenging the removal action itself, Plaintiff also alleged that he was discriminated against on the basis of race, on the basis of reprisal for prior EEO activity, and as retaliation for being a whistle-blower. Def.'s App. at 10-14. On October 22, 2001, the MSPB reversed the Air Force's decision removing Plaintiff from his job, finding that the agency failed to show that Plaintiff did not follow the proper leave procedure and failed to honor a denial of leave request. *Id*. at 5. The MSPB ordered the agency to pay Plaintiff back pay, and the MSPB's decision set out how the back pay was to be calculated and paid. *Id*. at 14. Furthermore, the MSPB found that Plaintiff did not meet his burden of proof and did not show that there was any discrimination on the grounds that Plaintiff alleged. *Id*. at 10-14.

The MSPB's October 22, 2001 decision also advised the parties of their subsequent

appellate rights and that the parties could file a petition for review with the MSPB before the decision became final. Def.'s App. at 15-16. Neither party filed a petition for review and MSPB's initial decision became final on November 26, 2001. *Id*. at 79. The parties were advised that they could appeal the MSPB's final decision to the EEOC or to the appropriate United States district court. *Id*. at 17. Plaintiff appealed the MSPB's final decision to the EEOC with respect to the MSPB's finding that there was no discrimination. *Id*. at 29. On April 16, 2002, the EEOC issued a decision finding that Plaintiff failed to establish that his race, color or prior EEO activities motivated the proposed removal from his position. *Id*. at 30. On May 21, 2002, Plaintiff filed the Discrimination Claim, appealing the MSPB's November 26, 2001 final decision finding that there was no discrimination.

On April 17, 2002, Plaintiff filed a petition for enforcement and protective order with MSPB. Def.'s App. at 33. In this petition, Plaintiff alleged that the Air Force did not comply with MSPB's October 22, 2001 decision which ordered that Plaintiff be reinstated. *Id*. at 34. Plaintiff alleged that he was not returned to "status quo ante" because his supervisors continued to harass him. *Id*. at 35. On November 5, 2002, the MSPB issued a decision denying Plaintiff's petition for enforcement and finding that the agency complied with MSPB's October 22, 2001 decision. *Id*. at 79. On December 16, 2002, Plaintiff filed a petition for review with MSPB. *Id*. at 94. On June 1, 2004, MSPB issued its final order denying Plaintiff's petition for review. *Id*. at 110. In this order, Plaintiff was advised that he can appeal the MSPB's final decision in the United States Court of Appeals for the Federal Circuit. *Id*. at 111. On July 6, 2004, Plaintiff filed the Enforcement Claim seeking review of MSPB's June 1, 2004 final decision. On September 20, 2004, Defendant filed his motion to dismiss arguing that the Court lacks subject matter jurisdiction over the Enforcement Claim because Plaintiff should

3

have filed suit in the United States Court of Appeals for the Federal Circuit. *See* Doc. 5.

**II.**

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A federal court has subject matter jurisdiction over civil actions involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331-1332. Therefore, Plaintiff must present the Court with facts or claims sufficient to give rise to federal question jurisdiction or diversity of citizenship jurisdiction. *See* 28 U.S.C. §§ 1331-32; *Howery,* 243 F.3d at 916. Without the presence of such facts or claims, the Court does not have jurisdiction over the case. *See Howery,* 243 F.3d at 916.

"28 U.S.C. § 1295(a) provides that the Court of Appeals for the Federal Circuit shall have exclusive jurisdiction 'of an appeal from a final order or final decision of the Merit Systems Protection Board pursuant to section 7703(b)(1) . . . of title 5.'" *Blake v. Dep't of Air Force*, 794 F.2d 170, 172 (5th Cir. 1986). "The Merit Systems Protection Board [] is an administrative agency that has jurisdiction over specific 'adverse employment actions' affecting federal employees, including terminations, demotions, and suspensions." *London v. Potter*, No. 6:05-CV-0161, 2007 WL 1655325, at *3 (E.D. Tex. June 7, 2007) (citing 5 U.S.C. § 7512; *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004)). "When a federal employee has been subject to one of these adverse actions, he is entitled to appeal to the MSPB." *London*, 2007 WL 1655325, at *3.

4

"The Civil Service Reform Act of 1978 (codified in scattered sections of Title V) provides that final decisions of the MSPB are generally reviewable in the Court of Appeals for the Federal Circuit." *Blake*, 794 F.2d at 172 (citing 5 U.S.C. § 7703(b)(1)). "This Act creates an exception for '[c]ases of discrimination.' *Id*. § 7703(b)(2). Such cases include those in which an employee 'alleges that a basis for the action was discrimination prohibited by . . . section 717 of the Civil Rights Act of 1964." *Id*. "These actions are to be filed under section 717C of the Civil Rights Act of 1964." *Id*. "Consequently, [Plaintiff], to avoid the exclusive jurisdiction granted the Federal Circuit for most MSPB appeals, must have alleged that a basis for the action was racial discrimination . . . ." *Id*. Furthermore, when the case at issue is "mixed," involving an "appeal [which] contain[s] issues on both discrimination claims found in section 7702 and non-discrimination claims," it "cannot be heard by the Court of Appeals for the Federal Circuit because of a lack of jurisdiction. Such cases must first be heard in the district courts, and then appealed to the circuit court for the area in which the district court is located." *Id.*

### III.

Defendant argues that this Court does not have subject matter jurisdiction over Plaintiff's Enforcement Claim because it does not have a discrimination component and the only court that has jurisdiction to hear an appeal from a final MSPB decision lacking a discrimination component is the Court of Appeals for the Federal Circuit. Def.'s Mot. to Dismiss at 6. Defendant states, "As there was no discrimination issue in Jackson's Enforcement Claim–not one separate from the issue of whether the agency had failed to comply with the MSPB's prior order–and as the prior order included no requirement to act and no injunction against discriminatory practices, then there was no allegation of discrimination that could make Jackson's Enforcement Claim a 'mixed' case

5

reviewable by a United States District Court." *Id*. at 9. Plaintiff, on the other hand, contends that this is a "mixed" case which includes issues of discrimination and therefore must be filed in a federal district court. Pl.'s Resp. at 6-8. Plaintiff contends that "[t]he issues for the fact finder are 1) whether the Air Force properly complied with the MSPB Order of October 21, 2001; and 2) whether the Air Force took reprisals against Jackson because of his protected activity, as well as other issues, but these two issues makes Jackson's claim a mixed case subject to the court's jurisdiction under Title 5 U.S.C. § 7702(a)(1)(B)." *Id*. at 7.

> 29 C.F.R. § 1614.302 gives the following definitions of mixed cases:
>
> (a)(1) Mixed case complaint. A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board. The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address.
>
> (a)(2) Mixed case appeals. A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age.

*See also Austin v. Merit Sys. Prot. Bd.*, 136 F.3d 782, 783 (Fed. Cir. 1992) ("A mixed case is an appeal to the Board from an adverse personnel action, coupled with an allegation that the action was based on prohibited discrimination."). Pursuant to 5 U.S.C. § 7512, the adverse personnel actions appealable to the MSPB are "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." Although Plaintiff contends that the allegations of failure to comply and retaliation make this case mixed, Plaintiff has not alleged the appealable adverse personnel action, coupled with the discrimination allegation necessary to make this a "mixed case." As previously mentioned, Plaintiff, the party seeking the

6

federal forum, bears the burden of establishing subject matter jurisdiction. *Howery*, 243 F.3d at 916. Because Plaintiff did not meet this burden, Defendant's Motion to Dismiss has been granted.

Signed, this 27th day of June, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**