IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RAY N. JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | No. 7:04-CV-0133-O |
| § | (Consolidated with No. 7:02-CV-0111-R) |
| v. § | ECF |
| § | |
| DR. JAMES G. ROCHE, SECRETARY, § | |
| DEPARTMENT OF THE AIR FORCE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Before this Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 24; No. 7:02-CV-0111-R) filed by Dr. James G. Roche, Secretary, Department of the Air Force ("Defendant") on November 24, 2004. The Court's March 31, 2006 Order granted in part and denied in part Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and informed the parties that a separate memorandum opinion setting out the reasons for the decision will follow. The Court hereby enters the following memorandum opinion on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Furthermore, the Court determines that the March 31, 2006 Order is vacated with respect to item numbers one, four, six and seven. For the reasons stated below, Defendant's motion is granted with respect to item numbers one, four, and six and item number seven is denied as moot.

**I.**

The Department of the Air Force removed Plaintiff from his position as an electronics mechanic at Sheppard Air Force Base, effective September 13, 1999, based on the charge that

Plaintiff failed to request leave according to the established procedure and failed to honor a denial of a leave request. Def.'s Mot. at 2; Pl.'s Resp. at 1.[1] Plaintiff subsequently appealed his removal to the MSPB. Def.'s Mot. at 2. In addition to challenging the removal action itself, Plaintiff alleged that he was discriminated against on the basis of race, on the basis of reprisal for prior EEO activity, and as retaliation for being a whistle-blower. *Id.* The MSPB subsequently reversed the Air Force's decision removing Plaintiff from his job, finding that the agency failed to support their charges by a preponderance of the evidence. *Id.* at 3. Furthermore, the MSPB found that Plaintiff did not meet his burden of proof and did not show that there was any discrimination on the grounds that Plaintiff alleged. *Id.* Plaintiff appealed the MSPB's final decision to the EEOC. *Id.* On April 16, 2002, the EEOC issued a decision finding that Plaintiff failed to establish by a preponderance of the evidence that race or reprisal motivated the proposed removal from his position. *Id.* On May 21, 2002, Plaintiff filed a suit in the United States District Court for the Northern District of Texas, Wichita Falls Division (Case Number 7:02-CV-0111-R).[2]

In addition, Plaintiff filed three formal EEO complaints on October, 10, 1996, October 6, 1998, and February 26, 1999, alleging discrimination on the basis of race, reprisal for prior EEO activity, and hostile work environment. Def.'s Mot. at 3. An administrative judge heard these

---

1. The Court observes that the Plaintiff's response brief is incorrectly numbered or not numbered at all on certain pages. Furthermore, some of the numbered pages are not altogether legible. In addition, as the Court noted in the March 31, 2006 Order, "Plaintiff has improperly filed an unnumbered appendix, well over 500 pages long, containing 32 exhibits. . . . [M]any of Plaintiff's citations to his own appendix were incorrect." March 31, 2006 Order at 1 n.1. This has made citing to Plaintiff's response materials to be difficult.

2. Since the filing of Plaintiff's suit (No. 7:02-CV-0111-R), the case has been closed and consolidated into Case Number 7:04-CV-0133-O.

matters on March 15, 2001 and issued a decision on April 11, 2001, finding that there was no discrimination. *Id*. The Agency received the administrative judge's decision on June 7, 2001 and issued its final order via certified mail on July 12, 2001, and Plaintiff signed the return receipt on the certified mailing on August 13, 2001. *Id*.; Def.'s App. at 25-43. Plaintiff then filed an appeal to the EEOC. Def.'s Mot. at 4; Def.'s App. at 31. The EEOC affirmed the administrative judge's findings on February 12, 2003. Def.'s Mot. at 4. Plaintiff then filed a request for reconsideration with the EEOC which was denied on March 19, 2003. Def.'s Mot. at 4. On August 11, 2003, Plaintiff filed a motion for leave to supplement his original petition, which was granted on August 12, 2003. *See* Docs. 5 & 6. Plaintiff filed his "First Supplemental Petition" on August 12, 2003. *See* Doc. 7. Defendant contends that the supplemental petition is not properly before this Court. Def.'s Mot. at 8.

## II.

### A. 12(b)(6) Motion to Dismiss

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicts Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). "In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them." *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (Sanders, J.) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "'must plead

3

specific facts, not mere conclusory allegations'" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). *See also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Accordingly, for the purposes of our review of the judgment of dismissal, we accept as true that the bonds were redeemed without premium for the purpose of refunding the bonds at an interest rate lower than 0.07 percent. We do not, however, accept Associated Builders' conclusory allegation that the prospectus was materially misleading. Conclusory allegations and unwarranted deductions of fact are not admitted as true . . . .").

### B. Summary Judgment

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole which are designed 'to secure just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure is appropriate when there is no genuine issue as to any material fact in the case and the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322; *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997) (citations omitted).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Calbillo v. Cavender Oldsmobile,* 288 F.3d 721, 725 (5th Cir. 2002). Where the nonmovant bears the burden of proof on a claim upon which summary judgment is

4

sought, the movant may also discharge its initial burden by showing that there is an absence of evidence to support the nonmoving party's case. *See Celotex*, 477 U.S. at 325. Once the movant has met his initial burden, the nonmovant must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To avoid summary judgment, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "If the evidence [proffered by the nonmovant] is merely colorable . . . or is not significantly probative . . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 475 U.S. 574, 249-50 (1986) (citations omitted). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in his favor. *See id.* at 255. "The failure of the nonmovant to establish a genuine issue of material fact as to every essential element of [his] claim mandates entry of summary judgment against [him] as to that claim." *Bookman v. Shubzda*, 945 F. Supp. 999, 1004 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 872 (5th Cir. 1991)).

### III.

### A. Supplemental Petition

Defendant asked this Court to dismiss Plaintiff's supplemental petition because Plaintiff filed his appeal with the EEOC more than 30 days of the receipt of final order. Def.'s Mot. at 8. A complainant has the right to file an appeal of an administrative judge's decision and final agency order with the EEOC within 30 days of the receipt of the final action. 29 C.F.R. § 1614.402. Plaintiff was given notice of this time limit in the agency's final order. Def.'s App. at 25. Defendant contends that Plaintiff received the final order on August 13, 2001 and did not file the

appeal until September 18, 2001. Def.'s Mot. at 8; Def.'s App. at 31-34. Plaintiff, on the other hand, contends that he filed his appeal within 30 days of receiving the final order because he signed and dated his notice of appeal on September 12, 2001. Pl.'s Resp. at 3. Plaintiff points out that 29 C.F.R. § 1614.604(b) states that a document is deemed timely filed if it is received or postmarked before the expiration of the applicable filing period. Pl.'s Resp. at 4. However, Plaintiff does not provide any evidence of the mailing date nor does he show that Defendant received the appeal prior to September 18, 2001. As the Defendant points out, the exhibits before the court show that Plaintiff's appeal to the EEOC was recorded as filed on September 18, 2001 and stamped as received on September 24, 2001. Def.'s Reply at 2 (citing Def.'s App. at 29, 31). Because Plaintiff failed to timely file his appeal with the EEOC with respect to his supplemental claims, they are dismissed. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 823-835 (1976) ("[Petitioner] could file suit within 30 days in federal district court. . . . Forty-two days later Brown filed suit in a Federal district Court. . . . The respondents moved to dismiss the complaint . . . on the ground that Brown had not filed the complaint within 30 days of final agency action . . . . We hold, therefore that since Brown failed to file a timely complaint . . . the District Court properly dismissed the case.").

**B. Claims of Denial of Proper Remedies, Stripped of Human Dignity, Slander, Infliction of Emotional Distress, Mental Anguish, Humiliation, Mortification, Alienation, Malice, and Rights Under the Constitution**

Defendant contends that Plaintiff's claims of denial of proper remedies, stripped of human dignity, slander, infliction of emotional distress, mental anguish, humiliation, mortification, alienation, malice, and rights under the constitution should be dismissed as facially invalid. Def.'s Mot. at 14. Defendant points out that in *Brown v. General Services Administration*, 425 U.S. 820 (1976), the United States Supreme Court held that Congress intended Title VII to be the exclusive,

6

pre-emptive administrative and judicial remedy for federal employment discrimination. Def.'s Mot. at 14; *see Brown*, 425 U.S. at 834. The Supreme Court in Brown stated that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown*, 425 U.S. at 834. As Defendant contends, Plaintiff's "additional claims concern only alleged federal employment discrimination, which fall squarely within the holding of Brown, and is thereby preempted by Title VII." Def.'s Mot. at 14 (citing *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981)). For this reason, Plaintiff's claims of denial of proper remedies, stripped of human dignity, slander, infliction of emotional distress, mental anguish, humiliation, mortification, alienation, malice, and rights under the constitution have been dismissed.

### C. Racial Discrimination

The complainant in a Title VII case alleging disparate treatment has the initial burden of establishing a prima facie case of racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This burden can be met by showing (1) that he belongs to a protected group, (2) he is similarly situated to an individual who is not a member of his protected group, and (3) that individuals outside the protected group were treated more favorably. *See id*. at 802. Defendant contends that in this case, Plaintiff "failed to identify any similarly situated individuals of another race who were treated differently than he was." Def.'s Mot. at 9. Defendant goes on to say, "In fact, Jackson's allegations amount to mere assertions that his treatment was the result of discrimination. As such, he has failed to establish a prima facie case of race discrimination." *Id*. Defendant contends that Plaintiff's complaint fails to show that he is entitled to relief under the claims raised. Def.'s Reply at 5. Plaintiff filed this action as a *pro se* litigant but acquired counsel subsequently, who entered an appearance on April 23, 2004. *See* Doc. 20; No. 7:02-CV-0111-R. Because Plaintiff

filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). However, even with the liberal construction, the Court was not able to find that Plaintiff sufficiently alleged a race discrimination claim. In his response, Plaintiff contends that he alleged before the EEOC that a position for which Plaintiff was qualified for was filled each time by a Caucasian employee and that he was treated differently than Caucasian employees in areas such as leave requests and discipline. Pl.'s Resp. at 15. This does not change the fact that the Court is not able to construe Plaintiff's complaint as sufficiently alleging a race discrimination claim. Therefore, Plaintiff's claims of race discrimination are dismissed.

### D. Hostile Work Environment

Generally, "[a] prima facie case of racial harassment alleging hostile work environment consists of five elements: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term condition or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001) (citing *Watts v. Kroger Co.*, 170 F.3d 505, 509-10 (5th Cir. 1999); *Jones v. Flagship Int'l*, 793 F.2d 714, 719-720 (5th Cir. 1986)). "For harassment to affect a 'term, condition, or privilege of employment' it must be 'sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.'" *Celestine*, 266 F.3d at 353 (quoting *Watts*, 170 F.3d at 509).

As defendant argues, Plaintiff failed to establish a prima facie case with respect to his hostile work environment claim. Def.'s Mot. at 10-11. The total sum of Plaintiff's response to the

Defendant's argument regarding Plaintiff's hostile work environment claim consists of a recitation of a portion of a hearing transcript wherein Plaintiff's counsel asked Defendant's chief of personnel management about his opinion regarding whether Plaintiff "was perhaps coming back to a hostile working environment." Pl.'s Resp. at 19. Plaintiff does not explain how this recitation establishes a prima facie case with respect to his claim. Because Plaintiff failed to show that there is a genuine issue for trial with respect to his hostile work environment claim, Defendant's motion for summary judgment was granted with respect to the claim. *See Zenith Radio Corp.*, 475 U.S. at 587.

### E. Reprisal

In establishing a case on reprisal, a plaintiff should show that (1) he engaged in an activity protected by Title VII, (2) the defendant knew of the exercise of his civil rights, (3) the defendant thereafter took an employment action that was adverse to the plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action. *Wrenn v. Gould*, 808 F.2d 493, 500 (5th Cir. 1987) (citations omitted). Defendant contends that Plaintiff failed to demonstrate the last element of the reprisal prima facie case. Def.'s Mot. at 11. Defendant asserts that Plaintiff "failed to produce a scintilla of evidence to demonstrate that there was a nexus between the filing of the EEO complaints and any adverse action taken against him" for the majority of his reprisal claims. *Id*. Defendant also states that "[t]here are two claims of reprisal contained in Jackson's First Supplemental Petition where he arguably demonstrated a prima facie case during his administrative hearing. These claims concern two instances where he was denied leave without pay." *Id*. However, with respect to these two claims, Defendant contends that "the agency articulated legitimate, nondiscriminatory reasons for the actions, and Jackson did not prove by a preponderance of the evidence that the Air Force's reasons were a pretext for discrimination." *Id*.

at 12.

"Where, as here, defendant[] do[es] not have the burden of proof at trial, [he] may carry [his] summary judgment obligation by pointing out to the court that there is an absence of evidence to support [Plaintiff's] claims. *Bookman*, 945 F. Supp. at 1004 (citing *Celotex*, 477 U.S. at 325). "Once [he] do[es] so, the burden shifts to [Plaintiff] to adduce facts showing a genuine issue for trial." *Id*. Plaintiff has not met this burden. In fact, Plaintiff does not address Defendant's arguments regarding Plaintiff's claims of reprisal. *See* Pl.'s Resp. at 1-23. "Rule 56 obligates the nonmovant to designate specific facts in the record that create genuine issues precluding summary judgment. It 'does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Bookman*, 945 F. Supp. at 1004 (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)). "To satisfy [his] burden, the nonmovant is required to identify specific evidence in the record, and to articulate the precise manner in which that evidence support[s] [his] claim." *Bookman*, 945 F. Supp. at 1004 (internal quotations omitted) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Because Plaintiff has not met his burden regarding his reprisal claims, Defendant's motion for summary judgment is granted with respect to this claim. *See Bookman*, 945 F. Supp. at 1004 ("The failure of the nonmovant to establish a genuine issue of material fact as to every essential element of [his] claim mandates the entry of summary judgment against [him] as to that claim." (citing *Dunn*, 927 F.2d at 872)).

### F. Age Discrimination

Defendant asserts that Plaintiff's claim of age discrimination should be dismissed because Plaintiff failed to exhaust his administrative remedies. Def.'s Mot. at 13. As Defendant points out,

29 C.F.R. § 1614.105 requires an aggrieved person to contact an EEO counselor at the alleged discriminating agency within 45 days of the date of the alleged unlawful employment practice. *Id*. The failure to notify an EEO Counselor or file a claim in a timely manner bars a complaint in federal court, absent a showing by the employee of waiver, estoppel, or equitable tolling to circumvent the requirement. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002). Defendant contends that Plaintiff raised age discrimination for the first time in his supplemental petition filed with the Court on August 12, 2003. Def.'s Mot. at 13. Plaintiff has not raised the age discrimination claim in his original complaint. *See* Pl.'s Original Pet. at 1-3. As mentioned above, Plaintiff's supplemental petition has been dismissed for failure to exhaust administrative remedies. Therefore, Plaintiff's age discrimination claim is no longer before the Court, and Defendant's motion with respect to this claim is denied as moot.[3]

### G. Punitive Damages

Because Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment has been granted with respect to all of Plaintiff's claims before the Court, the Court does not address Defendant's argument regarding Plaintiff's request for punitive damages.

### IV.

For the reasons stated above, Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 24) is granted.

Signed, this 27th day of June, 2008.

---

3. In addition, Plaintiff contends that he "does not dispute defendant's allegation that his claim of whistle blowing is not part of this lawsuit." Pl.'s Resp. at iii. Therefore, Defendant's motion with respect to Plaintiff's claim of whistle blowing is also denied as moot.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**